```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,               :
                                        :
            -v-                         :      92 Cr. 550 (JSR)
                                        :
PEDRO GUZMAN,                           :      MEMORANDUM ORDER
                                        :
            Defendant.                  :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Pedro Guzman moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the recent amendment to the United States Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels applicable to crack cocaine offenses. The case is different, however, from many similar cases that have recently come before this and other courts, in that the original calculation of the base offense level was somewhat unusual.

Defendant was originally sentenced by the Honorable Allen G. Schwartz on July 28, 1994. At sentencing, Judge Schwartz stated that he was calculating the quantity of crack cocaine based on the approach taken by Judge Martin in United States v. Genao, 831 F. Supp. 246 (S.D.N.Y. 1993), which calculated defendant's offense level based on the quantity of drugs sold by him during an average one-week period. See transcript 7/28/94 at 46-47. Although the Second Circuit, in subsequently affirming Genao in United States v. Lara, 47 F.3d 60 (2d Cir. 1995), characterized this approach as a "departure," Judge Schwartz did not view it this way but rather regarded it as a more rational method of calculating the crack cocaine quantity under the unusual circumstances of this case. Using this method of

calculation, he determined that the base offense level was therefore 36, the total offense level 34 (reflecting a two-level reduction for acceptance of responsibility), and the Guidelines imprisonment range 262 to 327 months. See transcript 7/28/94 at 46-47. Judge Schwartz sentenced defendant to 262 months in jail. In the final written judgment filed a few days later, Judge Schwartz expressly indicated that "[t]he sentence is within the guidelines range." Judgment, 8/1/94, at 7.

Defendant appealed his sentence, and the Government cross-appealed, arguing that Judge Schwartz erred in not imposing an enhancement for defendant's supervisory role. The Government did not, however, appeal the district court's calculation of defendant's offense level pursuant to Genao. The Second Circuit denied defendant's appeal, but agreed with the Government that an upward adjustment was warranted for defendant's supervisory role, and remanded the case for resentencing.

On remand, Judge Schwartz found that a three-level upward adjustment was required because defendant was a supervisor of criminal activity involving more than five participants. Because, again, no challenge was raised to Judge Schwartz's other calculations, the total offense level was raised to 37, resulting in a Guidelines range of 360 months to life imprisonment. The Court sentenced defendant to 360 months in jail. At sentencing, Judge Schwartz observed that "defendant's sentence is beyond what is appropriate in anyone's reasonable judgment as to what is a fair and

2

reasonable sentence given what is in [the] record," and noted that "whatever change there is in the law should redound to the benefit of a defendant such as this one." Transcript 1/11/96 at 22-23.

Now, however, in opposing the instant motion, the Government argues that defendant is not eligible for a reduction in sentence because Judge Schwartz's calculation of defendant's offense level was a "downward departure," that defendant's "real" base offense level (if Judge Schwartz had not utilized the Genao methodology) would have been 38, and that, absent that "departure," the crack cocaine amendment does not have the effect of lowering defendant's Guidelines range. If the Government's hypothesis were the reality of what had occurred before Judge Schwartz, this Court would be barred from resentencing defendant by § 1B1.10(a)(2)(B) of the Guidelines, a Policy Statement that provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

The Government's hypothesis, however, is contradicted by the record before the Court. As noted, Judge Schwartz stated that he was sentencing defendant for the sale of 800 grams of crack cocaine per week, resulting in a base offense level of 36. At no time did he characterize this as a departure, let alone calculate what the offense level would otherwise have been absent a departure (which, if there had been a genuine departure, he would have been required to

3

do).  The determination remained unchanged notwithstanding the Government's successful cross-appeal, the remand from the Second Circuit, and the defendant's resentencing to a term of 360 months.

In other words, the Guidelines analysis undertaken by Judge Schwartz constituted a factual finding regarding drug weight rather than a downward departure.  Although, between the time of the original sentence and the remand sentence, the Second Circuit, in Lara, characterized the Genao approach as a "downward departure," see Lara, 47 F.3d at 62, 67, it was not a downward departure in the ordinary sense, where the Court calculates the offense level independent of any departure and then decides if it wants to depart from the Guidelines range.  Rather, here, defendant's range was determined by first calculating the drug weight and then mechanically applying the Guidelines to that calculation.

Consequently, even though defendant's resentencing occurred after Lara, neither did the Government seek nor did Judge Schwartz make alternative findings regarding drug weight or defendant's base offense level.  Rather, at the time of the resentencing hearing, Judge Schwartz emphasized that "this is not a case that either indicates a departure, a downward departure, or that this should be a case in which the court should reach for a downward departure." Transcript 1/11/96 at 20.  And the final judgment on resentencing once again expressly stated that defendant's sentence was within the Guidelines range.  Judgment, 1/16/96, at 7.

Accordingly, Judge Schwartz's determination at the time of defendant's original sentencing that the relevant drug weight is 800

4

grams remains the law of the case.  Under the amended Guidelines, the base offense level for distribution of 800 grams of crack cocaine is 34 and the total offense level is 35, yielding an amended Guidelines range of 292-365 months.  Defendant is thus eligible for resentencing within that range.

Defendant, however, further argues that he is eligible for a complete resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005) and its progeny, and should be sentenced to the 240-month statutory mandatory minimum, which is 52 months below the bottom of the amended Guidelines range.  The Court is not persuaded.

It is well-established that a Court "may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); see United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("Congress has authorized courts to modify a term of imprisonment only in limited circumstances").  Although 18 U.S.C. § 3582(c)(2) provides a narrow exception to this rule and permits a reduction of sentence for a defendant whose term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," such reductions are only permissible if "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 2582(c)(2).  The relevant policy statement at issue here is § 1B1.10(b)(2), which provides that a district court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. §

5

2582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1.B.10(b)(2)(A).

These limits on this Court's authority to reduce a sentence are jurisdictional, see United States v. Cruz, 560 F. Supp. 2d 198, 202 (E.D.N.Y. 2008), and the Second Circuit has made clear that courts are "bound by the language" of such policy statements, because "Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent'" with such statements. Williams, 551 F.3d at 186 (citing 18 U.S.C. § 3582(c)(2)); see United States v. McGee, 553 F.3d 225, 228 (2d Cir. 2009) (noting that, subject to an exception not here applicable, the "general rule" set forth in § 1B1.10(b)(2)(A) "can be read as simply instructing that a defendant may not receive a departure below the amended guideline range"); Poindexter v. United States, 556 F.3d 87, 89 (2d Cir. 2009) ("A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582") (emphasis added); United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines"). Accordingly, this Court has no authority to reduce defendant's sentence to a term that is less than the minimum of the amended range, i.e., 292 months.

Moreover, because the Supreme Court's Sixth Amendment sentencing jurisprudence (including Booker, which rendered the Guidelines advisory under section 3553(a)), do not affect Congress's and the Sentencing Commission's authority to determine whether and

6

"in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced," 28 U.S.C. § 994(u), such decisions have no impact on the limitations placed on retroactive sentence reductions under § 3582(c). See, e.g., United States v. Diggins, 03 CR 801, 2008 WL 4054413, at *2 (S.D.N.Y. Aug. 27, 2008) (Booker and its progeny "do not render the Sentencing Commission's policy statements advisory under 3582(c)(2)") (collecting cases); United States v. Jiminez, 04 CR 329, 2008 WL 2774450, at *1 (S.D.N.Y. July 16, 2008); Montes v. United States, Nos. 07 Civ. 9869 & 04 CR 242, 2008 U.S. Dist. LEXIS 26985, at *6 (S.D.N.Y. April 3, 2008); Cruz, 560 F. Supp. 2d at 202; see also United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008) ("Nothing in [Booker] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines"); United States v. Hudson, 242 Fed. Appx. 16 (4th Cir. 2007); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) ("neither § 3582(c)(2) nor Booker provide[] a jurisdictional basis to reduce [defendant's] sentence").

Further, even if Booker were applicable to proceedings brought pursuant to § 3582(c)(2), it nevertheless provides defendant with no basis for relief, because "Booker is not retroactive, i.e., it does not apply to cases on collateral review where [as here] the defendant's conviction was final as of January 12, 2005, the date Booker was issued." Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005).

7

Accordingly, for all of the foregoing reasons, just as Booker "cannot be the basis for a Section 3582(c)(2) motion to modify a sentence," Cortorreal, 486 F.3d at 744, it likewise cannot be the basis for a sentence reduction below that authorized by Congress and the Sentencing Commission. As noted, however, defendant is nevertheless eligible for a reduced sentence within the amended Guidelines range of 292-365 months, and defendant's motion for a reduction of sentence is thus granted in that respect. Counsel for both parties are instructed to jointly call Chambers by no later than May 4, 2009 to schedule a prompt sentencing hearing. The Clerk of the Court is directed to close document number 450 on the Court's docket.

    SO ORDERED.

                                                    JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 27, 2009